# IN THE SUPREME COURT OF THE STATE OF NEVADA

ELIZABETH RAMSEY, AN INDIVIDUAL,

Appellant,

vs.

EUGENE TUMBARELLO, AN INDIVIDUAL; AND SHAMROCK PAINTING, INC.,

Respondents.

No. 82397

**FILED**

MAR 31 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is an appeal from a district court order denying a motion for reconsideration and from an order denying a claim of exemption from execution, granting a motion to void a homestead, and compelling compliance of a judgment debtor. Eighth Judicial District Court, Clark County; Tierra Danielle Jones, Judge; Eighth Judicial District Court, Clark County; Crystal Eller, Judge.

Respondents have filed a motion to dismiss this appeal for lack of jurisdiction. Appellant opposes the motion and respondents have replied. Within the motion to dismiss, respondents assert that appellant is currently in bankruptcy proceedings. Appellant's docketing statement also represents that her bankruptcy proceedings are ongoing.

The filing of a bankruptcy petition operates to stay, automatically, the "continuation" of any "judicial . . . action . . . against the debtor." 11 U.S.C. § 362(a)(1). An appeal, for purposes of the automatic stay, is considered a continuation of the action in the trial court. Consequently, an appeal is automatically stayed if the debtor was the defendant in the underlying trial court action. *See Ingersoll-Rand Fin. Corp. v. Miller Mining Co., Inc.*, 817 F.2d 1424 (9th Cir. 1987). It appears

SUPREME COURT
OF
NEVADA

(O) 1947A

21-09286

that appellant was a defendant below. Therefore, it appears this appeal is stayed pursuant to the automatic stay provisions of federal bankruptcy law.

Given the applicability of the automatic stay, this appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Accordingly, we conclude that judicial efficiency will be best served if this appeal is dismissed without prejudice. Because a dismissal *without prejudice* will not require this court to reach the merits of this appeal and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—we further conclude that such dismissal will not violate the bankruptcy stay.[1] *See Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of [11 U.S.C. §362(a)]"; *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where a decision to dismiss requires the court to first consider other issues presented by or related to the underlying case").

Accordingly, without considering the merits of the motion to dismiss this appeal for lack of jurisdiction, we dismiss this appeal. This dismissal is without prejudice to appellant's right to move for reinstatement

---

[1]The automatic stay provides a debtor "with protection against hungry creditors" and gives it a "breathing spell from its creditors" by stopping all collection efforts. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (internal quotation marks omitted). Further, it "assures creditors that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* at 755-56.

of this appeal upon either the lifting of the bankruptcy stay or final resolution of the bankruptcy proceedings, if appellant deems such a motion appropriate at that time.

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Crystal Eller, District Judge
Hon. Tierra Danielle Jones, District Judge
Ara H. Shirinian, Settlement Judge
Law Office of Christopher P. Burke
Cory Reade Dows & Shafer
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A